# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BP AMERICA, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 04-CV-486-JHP-FHM |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER CERTIFYING QUESTIONS OF LAW
### TO THE SUPREME COURT OF OKLAHOMA

The United States District Court for the Northern District of Oklahoma, pursuant to the Revised Uniform Certification of Questions of Law Act, OKLA. STAT. tit. 20, §§ 1601-11, hereby submits to the Supreme Court of the State of Oklahoma the following certified questions which may be determinative of an issue in the above-captioned matter now pending before this Court, but which do not appear to be answered by the controlling precedent of the Oklahoma Supreme Court:

### I.  Questions of Law to be Answered

(A)  Whether, under Oklahoma Law, the term "any insured" in an "Auto Exclusion" clause of a commercial general liability policy excludes from coverage all automobile occurrences attributable to any of the insureds.

1

(B)  Whether, under Oklahoma Law, the inclusion of both an "Auto Exclusion" clause and a "separation of insureds" clause in a commercial general liability policy creates an ambiguity in the contract.

## II.  Factual Background

The following facts are relevant to the determination of the question certified herein:

1. On June 5, 2001, BP America (successor in interest to Amoco Production Co. and Vastar Resources, Inc.) entered into Master Service Contract No. 220-01-03958 with Doyal W. Rowland Construction, Inc. ("Rowland Construction").

2. Pursuant to the Master Service Contract, Rowland Construction was to perform "concrete and dirt work, general construction, welding, fabrication, steam cleaning, painting and sandblasting" at the "request" of BP America, all in accordance with certain terms and conditions.

3. The Master Service Contract required Rowland Construction to "carry insurance" of certain types and in certain minimum amounts, including:

- "Commercial General Liability, including bodily injury and property damage, with minimum limits not less than $1,000,000.00 per occurrence."

- "Automobile Liability Insurance with minimum limits not less than $1,000,000.00, and including bodily injury, property damage, and contractual auto liability for all owned, hired and non-owned vehicles that will be used in the performance of work under this Contract."

4. On January 20, 2002, State Auto issued a Series One Contractor's Insurance Policy, policy number SOC 2050232 01 ("SOC Policy"), to Rowland Construction.   The SOC

Policy contained Commercial General Liability coverage pursuant to certain terms, exclusions, exceptions, and limitations.

5. The SOC Policy designated Rowland Construction as the named insured and BP America as an additional insured.

6. The SOC Policy was in full force and effect from April 16, 2002 to April 16, 2003.

7. On February 7, 2002, State Auto Property & Casualty Insurance Company ("State Auto") issued a Business Auto Policy, designated policy number BAP 2050233 ("Business Auto Policy"), to Rowland Construction.

8. The Business Auto Policy designated Rowland Construction as the named insured and BP America as an additional insured.

9. The Business Auto Policy was in full force and effect from April 16, 2002 to April 16, 2003.

10. On July 23, 2002, a multi-vehicle accident occurred on United States Highway 270, approximately two-tenths of a mile east of Panola Road near Wilburton, Oklahoma.

11. The following motor vehicles were involved in the accident:

    a. A 1979 10-wheel dump truck pulling an 8-wheel dump trailer owned by Rowland Construction and driven by James William Clark, an employee of Rowland Construction;

    b. A 1998 Ford F-150 pick-up truck driven by Ronnie Earl Sumpter and occupied by one passenger, George T. Harris, Jr.;

    c. A 1998 Pontiac Grand Am driven by Rhonda Kaye Howard; and

        d.      A 2001 Buick Century driven by Angela Annette Peddy.

12. As a result of the accident, Ronnie Earl Sumpter, George T. Harris, Jr., and Rhonda Kaye Howard were fatally injured.

13. As a result of the accident, Angela Annette Peddy sustained significant bodily injuries.

14. On September 12, 2002, the Estate of Ronnie Earl Sumpter filed Case No. C-02-121 in Latimer County, Oklahoma against James Clark, Doyal W. Roland individually, and Doyal W. Rowland Construction.

15. On January 14, 2003, the Estate of Ronnie Earl Sumpter filed Case No. CIV 03-045-S in the United States District Court for the Eastern District of Oklahoma against BP America, Inc. and BP America Production Co.

16. On September 12, 2002, the Estate of George T. Harris, Jr. filed Case No. C-02-122 in Latimer County, Oklahoma against Doyal W. Rowland individually, Doyal W. Rowland Construction Co., James W. Clark, and State Auto Insurance Co.

17. On February 27, 2003, the Estate of George T. Harris filed Case No. CIV 03-124-S in the United States District Court for the Eastern District of Oklahoma against BP America, Inc. and BP America Production Co.

18. On January 14, 2003, the Estate of Rhonda Kaye Howard filed Case No. CIV 03-044 in the United States District Court for the Eastern District of Oklahoma against BP America, Inc. and BP America Production Co.

19. On September 24, 2002, Angela Annette Peddy filed Case No. CJ-02-118 in Latimer County, Oklahoma against State Auto Property & Casualty Insurance Co., Rowland

Construction Co., Inc., and James W. Clark. On February 24, 2004, this lawsuit was amended to include claims against BP America, Inc.

20. On or about October 15, 2003, the Estate of Ronnie Earl Sumpter settled its federal and state lawsuits against all defendants for a confidential sum of money.

21. On or about October 15, 2003, the Estate of George T. Harris settled its federal and state lawsuits against all defendants for a confidential sum of money.

22. On or about October 15, 2003, the Estate of Rhonda Kaye Howard settled its lawsuit against all defendants for a confidential sum of money.

23. On or about April 15, 2004, Angela Annette Peddy settled her claims against all defendants for a confidential sum of money.

24. State Auto contributed $1 million to the settlement pool utilized to fund, in part, the above-referenced confidential settlements, pursuant to the Business Auto Policy.

25. The SOC Policy contained the following relevant provisions:

    A. Exclusions

        This insurance does not apply to:

        g. Aircraft, Auto Or Watercraft

        "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

* * *

    B. Separation of Insureds

    Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

>> a.   As if each Named Insured were the only Named Insured; and
>
> b.  Separately to each insured against whom claim is made or "suit" is brought.
>
> C.  Definitions
>
> 2. "Auto" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

26.    The SOC Policy contained an additional endorsement entitled Additional Insured—Owners, Lessees or Contractors—Scheduled Person or Organization, which stated:

> Who Is an Insured (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

27.    The following were listed on the Schedule as Additional Interests/Insureds:

> BP America, Inc.
> BP Houston Supply Chain Management

### III.  Statement Regarding Power to Reformulate Question

In accordance with OKLA. STAT. tit. 20, § 1604(A)(3) this Court acknowledges that the Oklahoma Supreme Court may reformulate the certified question.

### IV.  Names and Addresses of Counsel of Record

In accordance with OKLA. STAT. tit. 20, § 1604(A)(4) the names and addresses of counsel of record in this case are:

| | |
|---|---|
| George Steven Stidham, OBA #8633 | Lawrence Richard Murphy, Jr., OBA#17681 |
| James Clay Lang, OBA #5218 | Stephan Scott Mathis, OBA #19169 |
| Douglas Lee Inhofe, OBA #4550 | Pansy Moore-Shrier, OBA #20289 |
| Brian Stanley Gaskill, OBA #3278 | Robinett & Murphy |

| | |
|---|---|
| Sneed Lang, P.C.<br>Two West Second Street, Suite 2300<br>Tulsa, Oklahoma  74103-3136 | 624 S. Boston Avenue, Suite 900<br>Tulsa, Oklahoma  74119 |
| *Attorneys for Plaintiff BP America, Inc.* | *Attorneys for State Auto Property &<br>Casualty Insurance Company* |

It is therefore ORDERED that these questions be submitted to the Supreme Court of Oklahoma for its consideration.  The Clerk of this Court is directed to immediately forward a certified copy of this Certification Order to the Supreme Court of Oklahoma.

IT IS SO ORDERED this 17th day of June 2005.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

7